IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY WEINER and ANDRE DUNCAN,<br><br>          Plaintiffs,<br><br>    v.<br><br>EVOLVE BANK & TRUST,<br><br>          Defendant. | Civil Action No. 25-906-RGA |

MEMORANDUM ORDER

    Before me is Defendant's Motion to Compel Arbitration and Stay, Or, In the Alternative, To Dismiss the Case. (D.I. 4). I have considered the parties' briefing. (D.I. 5, 7, 9). For the reasons set forth below, this motion is GRANTED.

    Plaintiffs entered into employment agreements with Defendant. These employment agreements each contain an agreement to arbitrate "all claims . . . that . . . Employee may have against Employer . . . includ[ing], but not [] limited to: claims for wages or other compensation due [and] claims for breach of any contract or covenant (express or implied)." (D.I. 1-1 at 22, 50). These agreements also note that the Federal Arbitration Act ("FAA") "shall govern the Agreement to Arbitrate Claims." (*Id*. at 26, 53). Notwithstanding the arbitration clause, Plaintiffs filed a complaint in Delaware Superior Court alleging breach of contract and unpaid wages. (*Id*. at 5).

    "[W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule12(b)(6) standard without

1

discovery's delay." *Guidotti* v. *Legal Helpers Debt Resols., LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (cleaned up). Plaintiffs do not contest that the employment agreements "speak for themselves and otherwise contain arbitration provisions." (D.I. 7 at 7). Plaintiffs' main argument is that enforcement of the arbitration clause would be contrary to public policy. (*Id.*).

The employment agreements contain a choice of law provision stating that each agreement "shall be subject to and governed by the laws of the State of Tennessee." (D.I. 1-1 at 28, 55). Plaintiffs note that the Third Circuit has held, "Where the request is to enforce an arbitration agreement under state law, and a question arises as to which state's law applies, the court will use the choice of law rules of the forum state, even where the parties have contracted for application of a particular state's law." (D.I. 7 at 7) (quoting *Adler v. Gruma Corp.*, 135 F.4th 55, 64 (3d Cir. 2025)). Plaintiffs argue that, pursuant to *Adler*, I should apply the choice of law rules of Delaware. (D.I. 7 at 8). Delaware courts "may find a choice of law provision to be unreasonable, and thus unenforceable, if enforcement would contravene a strong public policy of the forum in which suit is brought." *Redick v. E Mortg. Mgmt.*, 2013 WL 1089710, at *3 (D. Del. 2013). Plaintiffs claim that under Delaware law, certain protections afforded by the Delaware Wage Protection Act (under which Plaintiffs bring some of their claims) have been found to represent the strong public policy of Delaware, and Plaintiffs further claim that Defendant has made no showing that Plaintiffs would be entitled to similar protections under Tennessee Law. (D.I. 7 at 8). Thus, Plaintiffs argue that I should find the arbitration clause unenforceable. (*Id.* at 8-9).

*Adler* is unhelpful to Plaintiffs' case, however. In *Adler*, the Third Circuit found that the district court had erred in not considering whether Section 1 of the FAA, which exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged

in foreign or interstate commerce," applied. *Adler*, 135 F.4th at 64, 66 (quoting 9 U.S.C. § 1). In contrast, Plaintiffs do not contest the applicability of the FAA, and I see no indication why the FAA should not apply in Plaintiffs' case. I will thus "give precedence to the [FAA] . . . whose principal purpose . . . is to ensure that private arbitration agreements are enforced according to their terms." *Id*. at 64 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011)) (cleaned up). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Plaintiffs' case is one for breach of contract and unpaid wages, which is plainly covered by the text of the arbitration agreement. I therefore find Plaintiffs' public policy argument unavailing.

      Plaintiffs also argue that the arbitration agreement is so vague as to be unenforceable. (D.I. 7 at 9). Specifically, both employment agreements provide that the Forum for arbitration is to be "in the county . . . in which Employee [was] . . . employed by the Employer." (D.I. 1-1 at 24, 52). Both agreements also provide, "The Arbitrator shall apply the substantive law . . . of the state in which the claim arose . . . that would have been applicable to the claim(s) asserted if the matter had been litigated in a court of law." (*Id*.). Plaintiffs appear to be arguing that it is therefore unclear from the text of the agreement whether the arbitrator should apply Delaware or Tennessee law. Defendant replies that, seen in context, these clauses are not ambiguous and that, given the agreement's explicit choice of law clause, they indicate that an arbitrator should apply Tennessee law. (D.I. 9 at 1-2 n. 1). Defendant and Plaintiff appear to have a good faith disagreement about how to resolve certain ambiguities in the arbitration agreement. "The Supreme Court has clearly established that ambiguities in arbitration agreements must be

interpreted by the arbitrator." *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 231 (3d Cir. 2012) (citing *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 406-07 (2003)). The question of which substantive law might apply at arbitration does not raise a "gateway question of arbitrability" of the sort that I would be called upon to answer in the first instance. *PacifiCare Health*, 538 U.S. at 407 n. 2. I therefore GRANT Defendant's motion to compel arbitration.

Defendant moves for me to either stay Plaintiffs' case or dismiss it under Rules 12(b)(1) or 12(b)(6). (D.I. 5 at 9). The Supreme Court has recently held that the FAA compels district courts to stay rather than dismiss a case when any issue in a suit is subject to arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024). I therefore STAY further proceedings pending completion of the arbitration.

IT IS SO ORDERED.

Entered this 20th day of February, 2026

    /s/ Richard G. Andrews
United States District Judge